# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

FERNANDO NAVARRO,

    Plaintiff,

v.

BRIAN WILLIAMS, *et al.*,

    Defendants.

Case No. 3:20-CV-0282-GMN-CLB

**ORDER DENYING MOTION FOR EXEMPTION FROM EARLY MEDIATION**

[ECF No. 10]

Before the court is Defendants' motion for exemption from early mediation conference. (ECF No. 10). First, the motion to exclude is untimely. Pursuant to the screening order entered in this case, motions to exclude were due on June 9, 2021. (ECF No. 5 at 9). However, this motion was not filed until September 7, 2021 – which is only seven days prior to the scheduled mediation. (ECF No. 8.) The court may, in its discretion, entertain motions to exclude beyond their due date in rare cases. This is not one of those cases and the Court will not exercise its discretion under these circumstances. Moreover, Defendants are reminded that motions to exclude should be filed no later than twenty-one days prior to the mediation date to avoid wasting the time and resources of the parties, the mediator, and court staff. In this case, the order setting the mediation was entered on June 22, 2021. (ECF No. 8). Thus, the motion is denied as untimely.

However, even if the motion were not untimely, the motion would still be denied. The only basis for an exemption from mediation provided by Defendants is their assertion that "the parties are more than one million dollars apart." (*Id.*)  Many, if not most, settlement conferences and mediations start with offers and counteroffers from the parties that are not even remotely in same proximity and yet conclude with a settlement agreement. Meeting with an independent neutral party may vastly impact a party's view of their case and its value. Therefore, as this Court has stated in previous orders, differing

opinions of the case or its value alone is <u>not</u> a proper basis for exclusion from the mediation program. Therefore, the motion to exclude is denied on this additional basis.

For all these reasons, Defendants' motion to exclude this case from mediation (ECF No. 10) is **DENIED**.[1]

The Court notes that Defendants have failed to timely submit a mediation statement in this case. (ECF No. 8). Defendants shall have to and including **Thursday, September 9, 2021 at Noon** to submit the mediation statement. Future failure to timely submit a mediation statement will result in an order to show cause why sanctions should not be imposed for failure to follow the Court's orders. LR IA 11-8(e).

**DATED**: September 8, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court reminds Defendants' counsel that when a prisoner civil rights case has been referred to the early mediation program, the Court has determined at screening there is a claim or claims that have been stated and the case will proceed to discovery, dispositive motions, and/or trial if not resolved by settlement. Therefore, early resolution of these cases provides extensive savings to Plaintiffs, Defendants, and the Court in valuable time and resources from litigating the case. Therefore, requests to exclude cases from the early inmate mediation program should be *rarely* filed and only in the most extreme circumstances. These types of circumstances may include cases that involve claims that Defendants cannot settle as a matter of policy or in those cases where there are other extenuating circumstances that would render the mediation entirely ineffective or impossible for Defendants to make any type of settlement offer. These motions should not be routine, nor should they be filed in every case.